WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA  2955-0
LORI K. AQUINO    3815-0
Alii Place, Suite 1602
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone No.: (808) 528-8880
Facsimile No.: (808) 528-8881
e-mail: aikeda@unioncounsel.net
        laquino@unioncounsel.net

Attorneys for Plaintiffs
TRUSTEES OF THE OPERATING
ENGINEERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OPERATING ENGINEERS' TRUST FUNDS, ETC., <br><br> Plaintiffs, <br><br> vs. <br><br> ROCKPILE TRUCKING INC., a Hawaii corporation; and STEVE KIRBY, individually, <br><br> Defendants. | CIVIL NO. 07-00038 DAE KSC <br><br> MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANTS ROCKPIEL TRUCKING INC., a Hawaii corporation, and STEVE KIRBY, individually; EXHIBIT "A" <br><br> Hearing Date:  August 24, 2007 <br> Hearing Time:  9:30 a.m. <br> Magistrate <br> Judge:          Kevin S.C. Chang <br><br> No Trial Date Set |

(107872)Findings-8.16.07

1

MAGISTRATE JUDGE'S FINDINGS OF FACT AND
RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND
AWARD DAMAGES AGAINST DEFENDANTS ROCKPILE
TRUCKING INC., a Hawaii corporation, and STEVE KIRBY, individually

On January 24, 2007, Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS (hereinafter referred to as "Plaintiffs" or "Trust Funds") filed this action for specific performance, assumpsit and damages against Defendants ROCKPILE TRUCKING INC., a Hawaii corporation (hereinafter "Defendant"), and STEVE KIRBY, individually (hereinafter "Defendant KIRBY"), alleging that Defendant and Defendant KIRBY materially breached collective bargaining and trust agreements (hereinafter referred to as "the agreements") entered into by the Defendant and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"). The Trust Funds claimed that Defendant failed to submit all monthly contribution reports, submit payments due on said reports, pay amounts found due based on an audit of its payroll records, all notwithstanding numerous demands by Trust Funds and that Defendant KIRBY failed to honor the personal guaranty provisions of the agreements.

Jurisdiction of this court is based on 29 U.S.C. Section 185(a) of the Labor-Management Relations Act of 1947, as amended, and 29

U.S.C. Sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and 28 U.S.C. Section 1367.

On February 6, 2007, service was made on Defendants through STEVE KIRBY, in his capacity as an authorized officer of Defendant, and individually, as evidenced by the Return Of Service filed herein on February 12, 2007.

Entries Of Default were entered herein against Defendants on February 28, 2007, due to said Defendants failure to answer or otherwise defend the Complaint. Defendant is a corporation and Defendant KIRBY is not in the United States military service, nor is he an infant or incompetent person.

On July 19, 2007, the Trust Funds filed a Motion For Default Judgment with supporting documents against Defendant, seeking an award of damages. By virtue of same and the Statement Of Amounts Due; Certificate of Service filed herein on August 7, 2007 ("Statement of Amounts Due"), Plaintiffs claimed principal trust fund contributions of $13,209.21, liquidated damages of $7,034.21, attorney's fees and costs of $12,720.18, audit fees of $480.00 and minimum accrued interest through July 13, 2007 of $961.67, for a total of $34,405.27, with per diem interest accruing thereafter at the rate of $4.34 until entry of judgment.

3

The hearing on the Motion For Default Judgment was held herein on August 24, 2007. Plaintiffs were represented by their counsel, Ashley K. Ikeda. Defendants did not appear personally or through counsel, nor did they file any opposing papers.

## **FINDINGS OF FACT**

Having reviewed the Trust Funds' Motion For Default Judgment, the attached Declarations of Chuck Besocke, Ronald Tran, Ashley K. Ikeda and Pablo Q. Quiban and the exhibits thereto, the Statement of Amounts Due, and the record established in this action, the Court finds as follows:

1. On December 1, 2005, Defendant, through its Registered Agent and officer, Defendant KIRBY entered into the agreements with the Union covering all operating engineers in the State of Hawaii, as described in the agreements, employed by Defendant in the State of Hawaii effective from December 1, 2005;

2. Defendant STEVE KIRBY, individually ("Defendant KIRBY"), as a principal shareholder of Defendant, is personally liable for the entire amount due and owing to Plaintiffs from Defendant by virtue of the personal guaranty contained in the agreements. Defendant KIRBY expressly agreed that "[i]f the Individual Employer is a corporation, its

principal shareholder(s) personally guarantee all payment of wages and fringe benefits, including fringe benefit contributions, liquidated damages, interest and collection costs, including but not limited to, attorney's fees and auditor/account fees." (See Section No. 1, paragraph 12. of Exhibit "A" of the Complaint filed herein on January 24, 2007).

3.  Each of the Trust Funds was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. Section 186 and a multiple employee benefit plan within the meaning of 29 U.S.C. Sections 1002 and 1003. The Trust Funds are third party beneficiaries of the agreements as employee benefit plans for operating engineers employed by Defendant and covered by the agreements;

4.  Under the agreements, Defendant must report to the Trust Funds on the twenty-fifth day of each month the hours worked by each operating engineer employee during the previous month;

5. Under the agreements, Defendant must contribute to the Trust Funds on the twenty-fifth day of each month sums of money to be held in trust by Plaintiffs as employee benefits for Defendant's operating engineer employees. Those contributions are calculated by multiplying the hours worked the previous month by Defendant's operating engineer employees by the applicable contribution rates specified in the agreements;

6. Under the agreements, Defendant further promised that if any monthly contributions were past due, Defendant would pay liquidated damages of the greater sum of twenty percent of the late contribution sums or twenty dollars for each unpaid or late monthly contribution;

7. Under the agreements, Defendant further promised that if any monthly contributions were past due, Defendant would also pay interest accruing on those late contribution sums at the rate of twelve percent per annum from the date each monthly contributions became due;

8. Under the agreements, Defendant further promised to provide the Trust Funds with any documentation and information required by the Trust Funds to verify whether or not Defendant was reporting the correct hours worked each month and whether or not the Defendant was paying the correct contribution sums to the Trust Funds;

9. Also under the agreements, Defendant further promised that if the Trust Funds brought legal action to enforce those agreements against Defendant, Defendant would pay all of the Trust Funds' court and audit costs and reasonable attorneys' fees;

10. Defendant breached the agreements and is liable to the Trust Funds thereunder by its continuous failure to perform the terms of the agreements, including: (1) not paying the amounts found due by Plaintiffs'

audit for the period of December 2005 through February 2007; (2) not paying its August 2006 through December 2006 report contributions and liquidated damages due thereon and on its April 2007 report (paid untimely); (3) not paying the Trust Funds interest accruing on those unpaid contributions; and (4) not paying the Trust Funds their reasonable attorney's fees, audit fees and costs incurred in enforcing the terms of the agreements.

    11.    Defendant and Defendant KIRBY are not infants or incapacitated persons and have not sought to set aside default in this action.

    12.    The Court finds that a rate of $175.00 per hour for all of Plaintiffs' attorneys performing work on this matter is reasonable and thus is allowing the attorney's fees claim as follows:

|  | Actual Hours | Subtotal ($175.00 per hour) | G.E.T. 4.167% [2006] & 4.712% [2007] | TOTAL |
|---|---|---|---|---|
| Ashley K. Ikeda (2006) | 23.75 | $4,156.25 | $173.15 | $ 4,329.40 |
| Ashley K. Ikeda (2007) | 42.75 [1] | $7,481.25 | $352.51 | $ 7,833.76 |
| **GRAND TOTAL** | 65.50 | $11,637.50 | $525.66 | $12,163.16 |

---

[1] The Declaration of Ashley K. Ikeda filed July 19, 2007 erroneously included 1.0 hours for "ERN" in his claim for 2007 attorney's fees. These calculations reflect a 1.0 hour reduction in his 2007 fee request.

13. Thus, as of, August 24, 2007, there is known to be due, owing and unpaid to Plaintiffs from Defendant's and Defendant KIRBY's accounts with the Plaintiffs:

- a. Principal trust fund contributions
  (8/06 through 12/06 reports and
  12/05 through 2/07 audit) . . . . . . . . . . . . . . . $13,209.21

- b. Liquidated damages
  (8/06 through 12/06 reports and
  4/07 report, 12/05 through 2/07 audit) . . . . . . $ 7,034.21

- c. Audit fees
  (12/05 through 2/07 audit) . . . . . . . . . . . . . . $    480.00

- d. Interest (12%) on contributions
  (8/06 – 12/06 & 4/07 reports and
  12/05 – 2/07 audit, through 6/26/07) . . . . . . $    869.53

    - i. Interest 6/26/07 – 7/13/07 at
      $5.42 per diem ($4.34 per diem
      thereafter) . . . . . . . . . . . . . . . . . . . . . . . $     92.14

- e. Attorney's fees (5/16/06 – 7/5/07) . . . . . . . . . $12,163.16

- f. Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    468.00

                                    Total   $34,316.25

14. There is no just reason for the delay of final judgment as against Defendant and Defendant KIRBY, in accordance with Rule 55(b)(2), Federal Rules of Civil Procedure ("F.R.C.P.").

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED, that Default Judgment be granted in favor of Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS for a money judgment against Defendant ROCKPILE TRUCKING INC., a Hawaii corporation, and Defendant STEVE KIRBY, jointly and severally, in the amount of $34,316.25, plus interest at $4.34 per diem from July 13, 2007 until entry of judgment herein, in the form attached hereto as Exhibit "A".

DATED: Honolulu, Hawaii, \_\_\_\_\_SEP 0 4 2007\_\_\_\_\_.

_____
KEVIN S. C. CHANG
United States Magistrate Judge

---

OPERATING ENGINEERS' TRUST FUNDS, etc. vs. ROCKPILE TRUCKING INC., a Hawaii corporation; and STEVE KIRBY, individually; U.S.D.C.; D. HAW.; CIVIL NO. 07-00038 DAE KSC; **MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANTS ROCKPILE TRUCKING INC., a Hawaii corporation, and STEVE KIRBY, individually**